RECEIVED

MAR 0 7 2023

CLERK OF DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
    WESTERN DIVISION

STEPHEN P. KELLY,
General Delivery,
U.S. Post Office.
Grand Island, NE 68801,
    Plaintiff,

vs.

MYRTUE MEDICAL CENTER, an
Iowa corporation; ANN BUMAN; in
her official capacity, BARRY
JACOBSEN; in his official
capacity, and DENISE SUEDKAMP;
in her official capacity, jointly,
1220 Chatburn Ave., Harlan,
Iowa 51537,
    Defendant(s).

(1)

## CIVIL COMPLAINT

Comes now the Plaintiff in the above styled action and does show cause for complaint as follows:

(1) This is an action sustai-ned by, STEPHEN P. KELLY, hereinafter, Plaintiff KELLY, and sues the defendant's, jointly and in their official capacities, MYRTUE MEDICAL CENTER, an Iowa corporation, ANN BUMAN; in her official capacity, BARRY JACOBSEN; in his official capacity, and DENISE SUEDKAMP; in her official capacity, alleging:

(A) unlawful retaliation, (B) severe complaint interference, (C) and a corrupt cover up!!!

## PARTIES

(2) Plaintiff STEPHEN P. KELLY, is a former medical patient of the MYRTUE MEDICAL CENTER in Harlan - Iowa, and is a subject of severe administrative retaliation

(2)

over merely filing two aspects of complaint!!

(3) corporate defendant's, Myrtue medical center is in fact an Iowa corporation at which obtains a medical facility serving a large numeration of medical patient's, and does not obtain any complaint process for a patient to seek administrative redress!

(4) capacity defendant, ANN BUMAN, acts in her official capacity as the official risk and safety officer assigned to the Harlan Myrtue medical center, and obtains a corrupt scheme and a conspiratorial avenue at which retaliates upon any patient at which merely desires to file an administrative complaint directly with Myrtue administrative personnel!!!

(3)

(5) capacity defendant, BARRY JACOBSEN, acts in his official capacity as the assigned chief executive officer over the entire myrtue medical center, and adopts, condones, and ratify's, the corrupt misconduct of risk and safety officer, 'Ann Bumand'

(6) capacity defendant, Denise Suedkamp, acts in her official capacity as a clinic provider, and in addition serves upon an administrative team at which generates an official letter addressed to a certain patient at which has filed a direct hospittl complaint, including a patient whom which has also filed an official complaint with the state of Iowa board of medicine against any physician employed with the myrtue medical center!!

( 4 )

## NATURE OF THE CASE

(7) This concise case is in fact predicated upon the aspects of an act of severe retaliation upon a myrtue medical patient whom which has filed an administrative complaint directly with hospi-tal personnel, or a patient whom has filed an official state complaint against a myrtue medical physician with a government entity such as the state of Iowa board of medicine!

(8) Pursuant to the state of Iowa whistleblower protection act, any medical patient whom which seeks governmental redress directed to any government entity against a hospital, or its staff, it is therefore prohibited under law for hospital admin-istrative, or executive staff to retaliate and to terminate a patient's attendance to the myrtue medical clinic for the

(5)

sole and isolated cause of the patient filing an official complaint with a government entity !!!

(9) Federal Legislation clearly protects a citizen from unlawful retaliation over a citizen seeking state government redress, or even a citizen seeking judicial redress from a court!

(10) In Light of the above, a hospital and its administrative staff are clearly lawfully prohibited from terminating a patient's fair right to quality medical treatment over the patient's clear sought government redress !!!

JURISDICTION AND VENUE

(11) This federal court obtains proper Jurisdiction over this case based upon diversity of citizenship, where the parties

( 6 )

are citizens of different states! 28 U.S.C. § 1332.

(12) Plaintiff STEPHEN P. KELLY, is a citizen, and a resident of the diverse state of Nebraska, and resided in Iowa during such time of incident!

(13) Corporate defendant's, obtains its principal place of business solely in the state of Iowa, and has resided its corporation in the state of Iowa at all times material to this action.

(14) Natural defendant, ANN BUMAN, is a sole resident of the state of Iowa, and has resided in Iowa at all times material to this action.

(15) Natural defendant, BARRY JACOBSEN, is a sole resident of the state of Iowa, and has resided in Iowa at all times material to this action.

(7)

(16) Natural defendant, DENISE SUEDKAMP, is a sole resident of the state of Iowa, and has resided in Iowa at all times material to this action.

(17) Federal jurisdiction rises where the civil damage amount in dispute is in excess of, $75,000.

(18) Venue is proper in the Southern District of Iowa because each event giving rise to this action accrued in the Southern District of Iowa. 28 U.S.C. § 1391.

STATEMENT OF FACTS

(19) During the winter month's of 2022, Plaintiff KELLY, here filed two volumes of complaint upon the Myrtue medical center, and its medical staff, Dr. Adam Bendorf, one of which existed as a state administrative complaint with the state of Iowa board of medicine, and the other a Judicial civil complaint within this same

<u>court!</u>.

(20) Upon such time at which the
Iowa board of medicine notified
Dr. Adam Bendorf, <u>That a state
complaint had in fact been
filed against his state medical
Licence</u>, then Dr. Bendorf, in
fact notified the <u>myrtue risk
and safty officer, (Ann BUMAN)</u>!

(21) Along <u>the same exact
time frame, Plaintiff KELLY,
in addition</u> had in fact filed
<u>a civil Lawsuit in this same
court</u> upon Dr. Adam Bendorf,
where the myrtue corporate
attorney had in fact noticed
the pending case on pacer.gov,
and then notified BUMAN, and
JACOBSEN, of the Lawsuit filed
by an active clinic medical
patient, Plaintiff KELLY!!

(9)

(22) In addition, KELLY, had also filed a state administrative complaint with the state board of nursing, also a (government entity), against his own medical provider, (DENISE SUEDKAMP), over intentional medical incomp- etence, and neglect !!!

(23) SOLELY because of KELLY, filing of state government administrative complaint's upon myrtue medical personnel, joint defendant's here, acted most corrupt and in an avenue and corrupt turn and twist in which to cover up their own mistakes and error, BUMAN, JACOBSEN, and SUEDKAMP, concoc- ted a conspiracy falsely claiming and fabricating a story placing the blame upon KELLY, eluding their own professional obligation in which to take corrective action upon incompetent medical staff, and including the cause of KELLY'S, pending civil litigation at the time, (his lawfully entitled sought of

(10)

Judicial redress, jointly, and together, BUMAN, SUEDKAMP, and JACOBSEN, (all myrtue staffing personnel) revoked, and clearly terminated KELLY'S, patient status with the myrtue medical clinic portion of the hospital !!!

## ARGUMENT

(24) Because plaintiff KELLY, had in fact sought two forms of governmental redress, (state administrative), and judicial redress to a court, therefore, based upon those lawful protected premises, it is clearly secured pursuant to statute, state and federal, that such retaliation is prohibited !!!

(25) The state of Iowa, and the federal (WHISTLEBLOWERS PROTECTION ACT), clearly secures a medical patient from being a subject of any retaliation what so ever by hospital corporate personnel

Such as the malicious removal and termination of patient services by the same group or entity at which the entitled patient has complained of, or even so has sought judicial redress, solely at the legal cause that the violated patient has invoked his lawful right as such to seek local government redress, and then federal judicial redress!!! Note. The here mentioned federal court case, in this same district was in fact dismissed (without), prejudice per the Hon. Rebecca Goodgame Ebinger !!

PLAUSIBILITY

(26) Important. one of KELLYS, primary assertations in both state administrative complaint's addressed to the, (a) Iowa board of medicine upon Dr. Adam Bendorf, and (b) the board of nursing complaint upon nurse practitioner-Denise Suedkamp, existed as even so

(12)

much as severe criminal
activity where an act of
tampering, and fabrication of
true and actual medical
records already written and
construed by a physician far
prior to the tampering, and
fabrication predicate act, in
that I, KELLY, reported to the
State of Iowa that Dr. Bendorf,
and Suedkamp, had most
unlawfully much later
entered back into the official
hospital computer system and
fabricated nothing less than a
false and frivolous medical
report, in a corrupt turn and
twist of the actual and true
events at which were honestly
construed and written within
the original medical report,
as a sole and isolated cover up
of KELLY'S, factual report!!!

(27) clear plausibility
further stands here where
defendant's, Jacobsen, and
Bumian, clearly (knowing),
condoned and even so much as

(13)

right out ratified the
corrupt and unlawful act
of fabrication, and a false
doctoring up the once true
and actual medical records
of KELLY !!!

(28) In this corrupt conspired
scheme and false cover up,
defendant's, Buman, Jacobsen,
and Suedkamp, have because
of their provider's own
medical mistake, terminated
Plaintiff KELLY'S, clinic
attendance at the myrtue
medical center !!!

(29) It was most recenely
made clear to KELLY, per a
quote per Ann Buman, that it
was in fact a joint decision
of, Jacobsen, Buman, and
Suedkamp, that KELLY, could
no longer receive any medical
services from any provider at
the myrtue medical center!
The cause was in fact stated for
KELLY'S, complaint's to the
state of Iowa, and to the courts !!!

(14)

(30) Here, above there in fact exists clear <u>PLAUSIBILITY</u> instead of mere possibility!!

INJURY

(31) At the sole cause of joint defendant's wrongful termination of medical services engaged into it the hands of all three named defendant's, Plaintiff has suffered damages of being required in which to relocate to another city than the Harlan-Myrtue medical center, in which to access competent medical treatment, where the medical services termination was in fact unlawful it the cause of Plaintiff KELLY, <u>seeking state government, and even Judicial redress!!! There in fact exists a one year time frame of KELLY, being deprived unlawfully of any medical services it the Myrtue medical center!</u>

(15)

## CLAIM ONE

(32) unlawful retaliation exists here where Plaintiff was denied any further medical services at the sole and isolated cause of filing of two aspects of complaint upon Myrtue medical staff with, (a) the Iowa State government, and (b) the filing of a judicial-court civil complaint as Plaintiff is clearly lawfully entitled without becoming a subject of retaliation!

## CLAIM TWO

(33) severe complaint interference rises here where because Plaintiff has in fact filed of two consecutive complaint's, (a) state administrative government, and (b) a judical court civil action seeking judicial redress, the Myrtue hospital administrative staff has

(16)

most unlawfully caused interference with Plaintiff, in terminating any clinic medical services what so ever, over filing of the entitled governmental complaint's without any imposed form of retaliation!!

## CLAIM THREE

(34) A corrupt cover up, and corrupt turn and twist here exists where at the sole cause of Plaintiff filing of two consecutive complaint's, with the government,(state and judicial),as he is 100% lawfully entitled without any interference or retaliation, the Myrtue medical center administrative staff has engaged into a dishonest and corrupt turn and twist of the true and actual events, in their most false and fabricated claim that Plaintiff is the blame, instead of the true severe medical incompetence, where joint defendant's, and

(17)

in their combined conspirator-
-ial predicate acts have in
entered into the hospital's
official computer system, and
has most unlawfully modified,
and re-fabricated official
medical records into a false
and twisted version of the
true and actual material, and
factual medical records,
causing a false appearance
upon this Plaintiff/KELLY!

**RELIEF**

WHEREFORE, upon the
premises considered, Plaintiff
respectfully request upon
this Honorable court for the
entry of a judgment as
follows:

(A) Find this civil compl-
-aint plausible upon its
face!

(B) Find that a cognizable
legal theory has in fact
been asserted by Plaintiff,
where this Honorable court

can clearly draw a
reasonable inference that
the defendant's, are in
fact liable for the misconduct
alleged!

(C)A civil jury trial is
here requested.

(D)Award Plaintiff with
actual damage awards in a
financial amount of, $365,000.
sufficing one year of suffering
the Loss of competent
medical services within the
same community at which
Plaintiff chose to reside!!

(E)Award Plaintiff an amount
deemed proper by this Honorable
court of punitive damages in
a financial amount of single
disit's!

I Declare under penalty
of perjury the foregoing to
be true and correct.

(19)

Signed this 27th Day of February, 2023.


_Stephen P. Kelly_
(SIGNATURE OF PLAINTIFF)

(20)

Steve_____
General Delivery,
U.S. Post Office
Harlan, Iowa 51537.

 

U.S. POSTAGE P
PON 1.9 ENV
COUNCIL BLUFF
51503
MAR 02  23
AMOUNT
$1.98
R2305K140833-5

RDC 23          51501

**RECEIVED**

MAR 0 7 2023

CLERK OF DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

TO: CLerk, United States Dist. court.
Federal Courthouse.
2146 27th AVe.
Council Bluffs, IA 51501